v. Andrew Longcore v. Alvarez Good morning, Robert Anthony Alvarez on behalf of the appellant in this case. I'd like to reserve five minutes of my time for rebuttal. The Supreme Court in Stenberg v. Carhartt, 530 U.S. 914 at 942, stated that when a statute includes an explicit definition, we must follow that definition even if it varies from the term's ordinary meaning. That's why they have definitions, otherwise you wouldn't need them. That is correct. And in this case, that's exactly the standard that the lower court failed to follow. In the Fair Labor Standards Act, Congress saw fit to define several terms that it was going to be using throughout the act. One of those was the employer. It defined employer as any person acting directly or indirectly in the interest of the employer. And Congress went one step further and defined person. No, no, wait. Acting directly or indirectly in the interest of an employer in relation to an employee. That is correct. That additional language doesn't matter? For purposes of this case, it does not. Why? In this case, there is no dispute that there was an employee-employer relationship between the restaurant, in this case, and the plaintiffs, in this case. What we're talking about here is whether outside counsel, in this case Longcore, can be held to be an employer. And an employer, as defined by the act, does include any person. And person, by the Fair Labor Standards Act, which I will refer to as FLISA, is defined by Congress as an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons. But it doesn't say an employer is any person. It has some restrictive language. Like acting directly or indirectly in the interest of an employer in relation to an employee. Correct. Why are both of those requirements met? The law firm filed a counterclaim against some other, not against the employees, against some entity, I forget the name of it. Can you give us that and then explain why this restrictive language is met? It wasn't just that the outside counsel filed a counterclaim. They filed a procedurally unsound and frivolous counterclaim against the employees and against the employees' counsel. The employees were defendants for the counterclaim? Correct. It wasn't a counterclaim. It was filed as a third-party complaint. And then it was amended to be a cross-claim. So the counsel filed a procedurally unsound and frivolous third-party complaint against the employees' counsel and a newspaper that had run a story on the case that had been filed. And what the appellant is arguing here is that the fact that the counsel filed a frivolous lawsuit and procedurally unsound against the employees and against their counsel, that was retaliation because Section 215A3 states that it should be unlawful for any person to discharge or in any manner discriminate against an employee because such employee has filed any complaint. I don't see where the employee is a defendant of these counterclaims or cross-claims, third-party, whatever. I see Latinos take out, well, they're the plaintiff for the counterclaims. Let's just call them counterclaims. Sure. And it's against Alvarez? Yes. And the law firm and a newspaper and an editor? Correct. I'm not seeing that it's also against the employee who filed the complaint. They did file a counterclaim against the employees as well. I believe that that should be in the record. But they did also then bring a third-party complaint against the employees' counsel and the newspaper. Against you, I guess. That is correct, yes. Okay. And so I know that the lower court relied heavily on the Fourth Circuit's decision in Dellinger. But the Fourth Circuit's decision in Dellinger and the question that was presented, and the court stated this in their decision, that the question was whether an applicant for employment is an employee authorized to sue and obtain relief for retaliation under 216B. And the court did answer that question. They held that only employees can sue their current and former employers for retaliation under the FLISA and that an applicant is not an employee. Now, yes, the court did go further and attempt to decipher what Congress meant by 216B's edict that any employer can be sued. But it did not have the facts necessary to make a determination as to whether a third party could be held liable under the Act. The Ninth Circuit's decision in Arias, I believe, is more persuasive and more on point, given that in that case, the Ninth Circuit was evaluating an outside legal counsel who went beyond the scope of his representation and attempted to have plaintiffs who were suing their employer, his client, detained and deported in effect to get rid of the claim and indirectly assist his client resolving his claims. That's what we're saying was done in this case. that outside legal counsel, in this case, filed a procedurally unsound and frivolous claim against not just the employees, but the employees' counsel, in order to deter, intimidate or harass the employees to withdraw their claims. And we believe, again, that looking strictly at the language and the definitions of employer and person under the Fair Labor Standards Act provides. Well, I mean, if we look beyond just the employer definition, in order to go forward with a claim here, you have to show that the law firm discriminated against an employee, correct? I mean, you have a 215A3 claim here? Yes, that is correct. And it says it's unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint. I mean, discriminate would seem to me to be a word that has baked into it a degree of intent, an intent to punish or disfavor somebody based on some criterion which is illegitimate. Yes. And I can understand how you would think that the real employer, the one that pays the wages here, ordinary sense employer, let's go with that, why they discriminated. But, you know, the law firm presumably is just taking direction from the client. And so why, I mean, is there any evidence that the firm had some independent discriminatory intent against your client? There was no discovery that was permitted. This was a 12B6 motion. Did you allege that the firm, I forget, I don't think I have the complaint in front of me. Yes. It was alleged that there was the intent to discriminate and to intimidate. Was it alleged in a way that kind of gets you beyond Twombly, i.e., you can't just sort of recite the elements, you have to give some facts that make that recitation plausible? Well, what we said, Your Honor, was that this wasn't just a simple issue of a zealous advocate filing a counterclaim. Okay. This was a case where an attorney, an officer of the court, filed a procedurally unsound and frivolous claim. There was four different claims, as a matter of fact, that were filed. They were tortious interference with a business relationship, and that was based on the fact that somehow the article that was written and the quotes that were given by the employees and counsel affected or breached the agreement that interfered with the business relationship with prospective customers. Injurious falsehood was the second claim, and it was basically because the employees and the attorney stated in the article that they were not paid the right amount. Those are the words directly from the complaint. Defamation. They said that in the defamation claim they failed to specify what the defamatory statements were, which is required of any kind of defamation claim. I forget. It's been a while since I read the briefs on this one. Was there any determination of frivolousness as to this thing, or what happened to it again? No. The court refused to decline to exercise supplemental jurisdiction and issued this decision based on the 12B6 motion. Okay. So we're talking about claims in this case. Where were these third-party claims filed? They were filed. So the underlying wage and hour claim was filed. Right. Counsel responded. Where? Here? Yes. Judge Yonker. Correct. Judge Yonker. The third-party claim was filed in that very suit. So the third-party claim was filed in response to the underlying wage claim. So you brought another action in front of Judge Yonker. Correct. Saying what they just did in this other case violates the FLSA. That is correct. All right. Keeping them busy. I'm trying to. All right. But did you seek sanctions when those claims were dismissed? No, we did not. Because we were pursuing claims under 216B. Now. Counsel, you'll see that your red light is on. So if you want to reserve your five. I will reserve. Thank you. Good morning. May it please this Honorable Court. My name is Matthew Thomas. I represent Mr. Lancourt and his practice. I want to go back to I think the question that was asked at the very beginning regarding whether or not the definition of employer in person and what is retaliation under the FLSA and what it all means. I think the Court was exactly right. It is not in a vacuum. It specifically indicates that an employer is any person acting directly or indirectly in the interest of an employer, which is within the confines of the employer-employee relationship. That's the whole statutory scheme for what is known as the Fair Labor Standards Act. Wait a minute. If a person is acting indirectly in the interest of an employer, can't that include somebody who is an agent of the employer? I don't believe it does, Judge, unless you get to what every other court other than the Arias Court has done and looks at the operational control and the economic realities, and I'll tell you why. If I could pose a hypothetical to the Court, normally those are posed to me, but I'm going to try to do my best. If an employee brings a wage claim under the FLSA and sues their employer and the employer gets word during the litigation or finds that there maybe is an action for conversion or embezzlement and brings a claim against that employee, and a bank employee is sought out to author an affidavit in support of the, even indirectly, in support of the employer, does that now put, under the strained reading that the appellants proposed, that bank employee potentially liable for a retaliation claim under the FLSA? Now it sounds a little far-fetched, but that's exactly what we have here. When you look at the Section 203D, when you're defining employer, it again talks within the confines of the employee-employer relationship. The whole stated purpose of the Act, according to Congress, is to offer statutory protection to employees from unfair labor practices from employers. Not from anybody, but from employers. But, I mean, it's defined. You can't just go off on this sort of, I don't know, purpose notions or ordinary usage. It's defined. It's defined broadly. It is. I'm really interested in hearing your textual explanation as to how the firm, in this case, is not an employer. At some point in your presentation. And I will get to that right now, Your Honor. The reason he is not an employer is because every circuit in this country, again, save the Ninth Circuit with the Arias decision, has indicated that an employer must have, for purposes of this, in order to be liable under the FLSA and be subject to its restrictions and standards, you have to have some operational control. They look at the... But that has nothing to do with the text of the statute, which is what I'm focused on, you know, rather monomania. Understood, Judge. I understand there's this other economic interest thing, but, you know, at some point, I'm just telling you, I would like to hear an explanation of these words, not case law from other circuits. Well, and I think the reason we got to that case law is because it is broadly defined. Okay, well, let's just strip away all the paint and go down to the bare metal of the text and tell me why the words mean what some of those cases said. Let me take you to another part of the statute, if I may. Under Section 215.83, which is the so-called retaliation provision, it states that it's unlawful for any person, in your honor, read the provision to discriminate as a result of somebody exercising their rights under the FLSA. However, that section does not give or give an employee the ability to file a private cause of action. You have to go to Section 216, 216B specifically. And what the court may note is under 216B, there are several provisions, and they talk in terms of a person. It's unlawful for any person, and any person may be liable, except for B. B talks in terms of private cause of action brought under wage, the hour restrictions set forth in, I believe, 206 and 207, or under 215.83, the retaliation provision, may only be brought against an employer. And I think that distinction is important because in Appellant's brief, he talks about how, you know, appellees talk all about these economic realities and operational control, and it makes no sense and it's illogical in this context. If that's the route we're taking then, you can't have the first sentence of 216B talk about an employer may sue its employer for wage and hour violations, and that means an employer. But the second sentence talks about an employee may only sue their employer for retaliation, but that means anybody. That means any person under the broad definitions that are contained in here. You have to look at it as a whole. You have to look at it in terms of what the statutory scheme. As the Dellinger Court said, this does not take place in a vacuum. The FLSA does not exist in a vacuum. It is to control employer-employee relationships. Your Honor. What part of the language of 203D is not met? Is it they're a person? I don't believe he is. Let's say they are, okay? Let's say the law firm is a person as defined by the statute. Are they acting directly or indirectly in the interest of an employer? Not in relation to the employee because he was retained in this case as counsel to defend them in an FLSA claim. Right. We're talking about filing the counterclaim. I understand, but that's his involvement in this case is from a litigation standpoint. He's not involved in the employer-employee relationship, which is what I believe is meant by the statute when it talks about in terms of in relation to the employee. This is after the fact. The FLSA, they filed their lawsuit. Then my guy gets involved. My client gets involved. He's not involved in the employer-employee relationship, and that's what I think it means. He sued an employee. He did as part of the litigation process. There was a decision made to pursue a counterclaim. He's acting for the employer with respect to an employee. And maybe that's where we're – I'm not communicating my position very well, Judge. But I believe when it talks in relation to an employee, you have to look at the statutory scheme, which is the employee-employer relationship, not in some litigation context that occurs after the fact. So I disagree that when it talks – because, again, that takes us back to is that bank employee who signs an affidavit, is that person then considered an employer under FLSA? Because indirectly by signing an affidavit, they are supporting the interests of the employer against an employee in an action where there was an FLSA complaint made. I don't think it makes sense, and we have to – we should be making sense. I also want to discuss a couple other issues. Arias – again, I've mentioned, I think, twice. I think that Arias does not coincide with any other opinion in this case. Judge Yonker dismissed Arias as being just that, that it was not in line with the case law of the other circuit. But isn't it – isn't it factually the most on-point case of all of them? I don't think so, and I'll tell you why. Number one, the facts in that case – I'm sure the court is well aware that it involves an attorney who was setting up a deposition of an employee who decided that he was going to call the ICE agents to have them, the employees, picked up and possibly deported as part of his litigation tactic. Now, it's interesting. When you actually read the opinion in Arias, the Ninth Circuit's opinion, they talk in terms of that they are extending the FLSA because of the egregious nature of this attorney. That is a completely different scenario than having an attorney who decides or, after consulting his client, decides to file a counterclaim as part of litigation. I know counsel mentioned several times that it was unsound and frivolous. In all this, there was never a finding of unsound and frivolous, and it goes to one of my arguments in my briefing regarding whether or not this was even right because at this point I think it is kind of some sort of abstract disagreement as to whether or not this would count as retaliation because if, in fact, what was claimed is true, then they lose. However, we'll never know because the claim was dismissed by Judge Unker. He didn't exercise supplemental jurisdiction. It was not refiled in state court, and it hasn't been refiled. In fact, the underlying case has been resolved. We're the only ones left. The Arias decision also doesn't take into account, and I think the Dellinger case, kind of do a full circle back, the Dellinger case does go into, you know, how do you read these broad definitions of person and employer and jive it with, and they talk about 215 and 216 and the specific use of, yeah, it might be unlawful for anybody to retaliate, but that doesn't mean there's a private cause of action, and the private cause of action is against the employer, not anybody. In the briefing, there was very little given to the issue of what I call the public policy, the chilling effects, and all of this. I do think it's notable in this case. You know, what is being advocated by the appellant in this case is that an independently outside retained counsel, not general counsel, should be on the hook or be held liable or could be found liable for a retaliation claim under the Federal Act, the FLSA. If that happens, any attorney who offers... Is this in service of a statutory interpretation question here? Well, I think it does. It goes to policy, Judge, and I think that is... What does that have to do with interpreting this act? Because it goes to, again, we should be looking at things in common sense, and I know that sometimes gets lost in the law, and I'm a big believer. I know there's text lists, there's other people. Here's the thing. Read what it says, but does it make sense within the confines of the statute? And I think within the confines of the statute, the employer-employee relationship is what is at issue, and it's not some outside counsel. But if the court would just give me a little bit of leeway to talk about the policy arguments... Go ahead. Because, again, posing this to the court, if we follow areas, what we have is we have an internal complaint made about a wage issue, and an employer calls up John Doe down the street, lawyer John Doe, who does a little bit of corporate work, and says, Hey, so I just got this internal complaint. What do you think I should do? Well, I looked at everything, and I don't think you have anything to worry about. Just deny the claim. That guy is now potentially on the hook for a retaliation claim, if the employer takes action, because it starts impeding our ability to represent our clients, to give candid advice, as we're professionally obligated to do, to give zealous representation. And here's the thing, and Judge White, you hit it right on the head. If there is a problem, if it is, in fact, frivolous, like counsel says, that's what we have the federal rules for. There's a sanction. My guy could be sanctioned if it was found to be frivolous. Now, we never got there. We never received a request for sanctions. And that's attorney fees. That's the cost. But that never happened in this case, because we don't know. Lastly, and I will leave you with this, because I think it is brief, but, again, I don't want to forget about it. There is something that I argue, and I think it's a good argument. Maybe you guys will tell me I'm wrong. You know, litigants are afforded privilege. I can't be sued for defamation for what I say to a jury during a closing argument. This happened within the confines of a judicial proceeding. It was relevant. It was pertinent to the action. It wasn't something that was outside of court. My client should not have to worry about being sued for what he's doing if he thinks what he's doing is relevant and pertinent and being a good lawyer for his client. I think that does, again, I apologize, Judge, I'm going a little bit off of the textualist argument for a minute. No, you don't have to apologize. I just wanted to know where we were at in the syllogism here. But it is. I think it is important because, again, as an attorney who talks to juries, I don't feel like I should have to worry about getting sued. If I'm going to get sued, I'm going to get sued by my client because I did a bad job. I shouldn't have to worry about getting sued because I'm doing my job. If, again, somebody decides that I wasn't doing my job or I was doing things for improper purpose, for harassment, to be threatening or otherwise, then the judge will let me know and will sanction me accordingly. Unless the court has any other questions, I think I'm all set. Thank you for your time. Just a few points. I think it was poignant when opposing counsel said that an attorney is professionally obligated to their client to give zealous representation. What we're talking about here is going beyond that. Just as in Arias, which, and I want to clarify this, only the Fourth Circuit and the Ninth Circuit have touched on this issue as to whether counsel or third party can be held liable under the Fair Labor Standards Act. But what we're talking about here is the professional and ethical responsibility of an attorney to give non-frivolous advice or professional advice to their client with regard to filing a case. But that doesn't give an employee any cause of action for a lawyer doing something like that. And what I'm concerned about a little bit here, I guess, is even if we were to say that there is potential liability on the part of the lawyer, what is the adverse employment action that the lawyer as employer, because you've defined him now as the employer, took? That would be a retaliatory counterclaim, Your Honor. What we're saying is that... How is that an adverse employment action? Well... I'm sure it's an adverse litigation action, but how is that an adverse employment action? Filing a counterclaim against, especially a frivolous counterclaim against an employee in response to the filing of a wage claim serves to harass and intimidate an individual. If they are facing the prospect of having to defend against a lawsuit in a wage and hour claim, especially a claim that has no basis in law, they're potentially incurring additional fees. They're potentially looking at extra liability that they were not looking for in the context of a wage and hour case. Most of these cases are... It's not in the context of the case, but is it in the context of the employment? Well, yes, because what we're talking about here is that the employee files a wage claim. That's the complaint. That is covered. The attorney, in this case, is acting in relation to that filing and giving, in this case, bad advice to their client and allowing themselves and the client to file a frivolous and procedurally unsound claim against the employee for the strict purpose of intimidating and harassing them. That, in my view... Go ahead. Your claim that it's procedurally unfounded and frivolous, that's pretty much of a legal conclusion, not a factual one when we're on a 12b-6, and you're kind of premising all this on your legal conclusion that this was frivolous and ill-advised. Well, it was procedurally unsound, Your Honor, and yes, we did not reach... There was no decision as to whether it was frivolous or not. We didn't get to that stage. We also didn't get to do any discovery as to whether that was the specific intent. We allege that that was the specific intent, but we did not get to that point because this was a 12b-6. But the third-party complaint that was filed under Rule 14, a defending party may, as third-party plaintiff, serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claim against it. In this case, they filed claims of torturous interference, injurious falsehood, defamation, and civil conspiracy against the employees and against the employees' counsel and certainly does not meet anything related to the filing of a third-party complaint. That then was amended, and a cross-claim was filed, alleging the very same claims. And Federal Rule of Procedure 13 says a pleading may state as a cross-claim any claim by one party against a co-party if the claim arises out of the same transaction or occurrence. None of those four claims that were filed, in retaliation to the filing of the wage claim, had anything to do with the underlying wage claim. And so what we're saying here is that not every counterclaim is going to rise to the level of adverse employment action, but a frivolous, procedurally unsound claim can. And just as in Arias, the court here should find that when an attorney is acting directly or indirectly in the interest of its employer, in the context of a claim brought under the Fair Labor Standards Act, that they should be held liable. So you're saying that the lawyer is the employer, right? I'm saying that under the statutory definition, an attorney is a person, too. But is the attorney an employer? Yes. An attorney is an employer because an attorney is a person, despite what the public may think. Attorneys are persons, and we believe that employer covers any person. So if you're just doing a statutory analysis, you're saying the attorney is an employer and the employee can sue the employer for retaliation? Yes. And if I may clarify with regard to one last point. Under 216B, opposing counsel mentioned that the first sentence speaks to the employees. It says, But then the second sentence, which is the one that's pertinent here, talking about the retaliation, it says, who violates the provisions of this section, 215A.3 of this title, shall be liable for such legal and equitable relief. It doesn't mention employees specifically in that sentence. Now, Congress could have included it in that sentence, but it didn't. So even if the court were to take the appellee's argument that the first sentence certainly applies to employees because it mentions employees, the second sentence, specifically discussing the retaliation, does not. It just says, And again, we... Sorry, I'm really confused. Doesn't it say any employer who violates the provisions? Yes. Okay, but if you say that the lawyer is an employer... Yes. Can the employer be sued for the wages? I mean, can... No. Can the lawyer be sued for the wages? No. Because the employer was not the one that was responsible for any of the wages. We're saying here that the attorney was not responsible for anything having to do with the wages. We're saying that the attorney had direct responsibility for the retaliation and is covered by 216A, any person who willfully violates these provisions, 215A3, I'm sorry, that it is unlawful for any person to discharge or in other manner discriminate against an employee. But when it says who's responsible, it says the employer. Correct. An employer defined under the statute says any person acting directly or indirectly and any person, and person is defined also by the statute, to include legal representative. It's very broad. Now, it may not be the ordinary meaning of the term employer, but that's how Congress chose to define it, and that's how we believe that the court should interpret it. Thank you. Thank you, counsel. The case will be submitted. Clerk may call the next case.